**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL A. LUJAN, | ) | NO. CV 23-7294-SVW(E) |
| Plaintiff, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| KEVIN HIXON, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner incarcerated at the North Kern State Prison in Delano, California ("NKSP"), filed this civil rights action pursuant to 42 U.S.C. section 1983 on August 31, 2023. This Court granted Plaintiff in forma pauperis status on December 14, 2023.

Defendants are NKSP prison officials. Plaintiff alleges that Defendants failed to provide adequate dental care in asserted violation of the Eighth Amendment and various state laws.

The North Kern State Prison in Delano, California, is located in Kern County, within the Eastern District of California. See Ricks v.

1  Kamena, 2018 WL 3770038, at *1 (E.D. Cal. Aug. 7, 2018); 28 U.S.C.
2  § 84(b).
3
4     Section 1391(b) of Title 28, United States Code, provides:
5
6     A civil action may be brought in --
7
8     (1) a judicial district in which any defendant resides, if
9     all defendants are residents of the State in which the
10    district is located;
11
12    (2) a judicial district in which a substantial part of the
13    events or omissions giving rise to the claim occurred, or a
14    substantial part of property that is the subject of the
15    action is situated; or
16
17    (3) if there is no district in which an action may otherwise
18    be brought as provided in this section, any judicial
19    district in which any defendant is subject to the court's
20    personal jurisdiction with respect to such action.
21
22    Here, it appears that all Defendants reside in the Eastern
23 District of California, and that the events or omissions giving rise
24 to Plaintiff's purported claims allegedly occurred within the Eastern
25 District of California.
26 ///
27 ///
28 ///

Section 1406(a) of Title 28, United States Code, provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This Court has the power to decide the venue issue on its own motion and to dismiss or transfer the action before a responsive pleading is filed. See <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986).

Within thirty (30) days of the date of this Order, the parties shall show cause in writing, if there be any, why this action should not be transferred to the United States District Court for the Eastern District of California on the ground that venue is improper in the Central District of California. Failure timely to respond to this Order to Show Cause may result in the transfer of the action.

DATED: December 27, 2023.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE