UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. LUJAN,<br><br>    Plaintiff,<br><br> v.<br><br>KEVIN HIXON, et al.,<br><br>    Defendants. | No. 1:24-cv-00187-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 15) |

  Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

  Plaintiff's complaint in this action was filed on August 31, 2023. (ECF No. 1.)

  On March 14, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 14.) Plaintiff failed to file an amended complaint or otherwise respond to the March 14, 2024 order. Therefore, on April 23, 2024, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 15.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names Warden Hixon, Dr. Lee, Dr. Chiu, Chief Dental Officer, and Does 2 through 5, as Defendants. Plaintiff sues Defendants in both their official and individual capacities. Plaintiff alleges that each Defendant was aware of Plaintiff's two painful teeth and had the ability to halt Plaintiff's condition, but ignored his cries for help.

On or about July 24, 2023, Plaintiff arrived at Delano Reception Center. Upon arrival, Plaintiff immediately underwent diagnostics which included a cursory medical review. During the initial review, Plaintiff informed the nurse technician that he had two loose and painful teeth. The nurse technician made a note of Plaintiff's medical needs and informed him that dental was notified. During the same medical review, Drs. Patel and Lee conducted an examination of Plaintiff's dental complaint. Defendant Lee acknowledged Plaintiff's two loose teeth and immediately requested Plaintiff to file a medical request form identifying the problem. Plaintiff filled out a medical request form listing his level of pain and how his teeth condition was impeding his ability to eat and sleep. Defendant Lee acknowledged Plaintiff's level of pain and assured a dental visit would be within 48 hours.

On July 25, 2023, Plaintiff submitted the health care request form requesting to be called to extract the two painful teeth.

On July 27, 2023, Plaintiff sent the dental department the health care request form again requesting to be called to extract the two painful teeth.

On July 30, 2023, Plaintiff sent the dental department the health care request for again informing them of the pain and requested to be called to extract the two painful teeth.

On August 3, 2023, Plaintiff sent the request for again requesting extraction of his two teeth.

On or about August 4, 2023, Defendant Lee visited Plaintiff in the administrative segregation unit and he acknowledged Plaintiff's level of pain and was notified that the teeth condition was impeding Plaintiff's to eat and sleep. Defendant Lee said, "You'll be called tomorrow." Plaintiff was never called to the dental department. On this same date, Plaintiff sent the dental department the health care request form yet again and asked to be called to extract the two teeth.

On August 6, 2023, Plaintiff sent his health care request form again requesting extraction and explained how the dental department was ignoring his cries for help.

On or about August 7, 2023, Plaintiff visited Dr. Chiu for purposes of extraction of the two teeth. Dr. Chiu acknowledged Plaintiff's level of pain, but concluded that extraction would occur at a later date. Plaintiff requested extraction of the two teeth, but Dr. Chiu refused stating, "You'll just have to wait."

On August 12, 2023, Plaintiff sent a health care request form to Defendant Hixon informing him about the month long delay due to his two painful teeth, but Plaintiff received no response. On this same date, Plaintiff sent a health care request form to the Chief Medical Officer informing him how the dental department was ignoring his cries for help, but Plaintiff received no response.

On or about August 21, 2023, Defendant Lee called Plaintiff to extract the two teeth.

## III.

## DISCUSSION

### A.   Supervisory Liability

Insofar as Plaintiff is attempting to sue Defendants Warden Hixon and the Chief Medical Officer based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Corales, 567 F.3d at 570.

///

4

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).  To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane Cty. Wash., 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent Plaintiff contends that Warden Hixon and the Chief Medical Officer are liable because he sent them health care request forms and received no response, such allegations are vague and conclusory in nature.  Plaintiff alleges no facts to indicate whether the request form was received or reviewed by either supervisory Defendant.  Accordingly, Plaintiff fails to state a cognizable claim for relief against these Defendants.

**B.    Deliberate Indifference to Serious Medical Need**

Failure to provide medical care may violate the Cruel and Unusual Punishment Clause of the Eighth Amendment if it amounts to deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

"First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the

5

1  existence of chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.
2  1992); see also Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

3  "Second, the plaintiff must show the defendant's response to the need was deliberately
4  indifferent ... by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible
5  medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citations omitted).
6  Deliberate indifference "may appear when prison officials deny, delay, or intentionally interfere
7  with medical treatment, or it may be shown by the way in which prison physicians provide
8  medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing Estelle, 429
9  U.S. at 104-05).  Mere negligence, without more, does not amount to deliberate indifference.
10 Estelle, 429 U.S. at 106; Hutchinson, 838 F.2d at 394. "Even gross negligence is insufficient to
11 establish deliberate indifference to serious medical needs." Lemire v. Cal. Dept. of Corr. and
12 Rehab., 726 F.3d 1062, 1082 (9th Cir. 2013). Moreover, "[a] difference of opinion between a
13 prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983
14 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); see
15 also Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242
16 (9th Cir. 1989). To prevail, a plaintiff "must show that the course of treatment the doctors chose
17 was medically unacceptable under the circumstances ... and ... that they chose this course in
18 conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330,
19 332 (9th Cir. 1996) (internal citations omitted); see also Toguchi, 391 F.3d at 1058.

20 To the extent Plaintiff bases his claim on the delay in his treatment, other than stating that
21 Plaintiff's two teeth were loose and causing pain, he has not presented sufficient facts to showing
22 deliberate indifference by each Defendant.  Indeed,  "delay in providing a prisoner with dental
23 treatment, standing alone, does not constitute an [E]ighth [A]mendment violation"; there must
24 also be deliberate indifference. Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  Plaintiff
25 alleges that he submitted requests for treatment between July 25, 2023 and August 12, 2023, he
26 submitted requests for dental treatment which were ignored or not accommodated, resulting in
27 pain and  trouble eating and sleeping.  But even assuming these allegations are true, Plaintiff has
28 not alleged facts suggesting that each Defendant purposefully ignored medical needs those

requests may have expressed. Rather, the facts as Plaintiff alleges demonstrate that Dr. Lee visited Plaintiff on August 4, 2023, and informed him he would be called the next day, but he was not. Then, on August 7, 2023, Plaintiff visited Dr. Chiu who acknowledge his level of pain and stated he would have to wait for a later date to extract his teeth. On August 21, 2023, Plaintiff's two teeth were extracted by Dr. Lee. These facts do not support Plaintiff's conclusory allegations that Defendants purposely ignored his request, intentionally failed to treat his dental condition, and knew the lack of treatment could further damage his teeth. Cf. Hunt, 865 F.2d at 201 (defendants not entitled to summary judgment as to deliberate indifference when evidence showed they denied an inmate dental care for over three months despite knowing that his dental condition "was causing him severe pain and resulting in permanent damage to his teeth," and that he had "bleeding gums, breaking teeth, and [was unable] to eat properly."); Sanzo v. Cox, 2015 WL 9598270, at *4–8, *11–12, (D. Nev. Dec. 10, 2015) (finding question of fact as to deliberate indifference when dental assistant knew plaintiff was in such unbearable pain that he had difficulty eating and sleeping, had abscesses which caused fever and vomiting, and self-extracted six of his own teeth due to pain, but did nothing for over three months); Antonetti v. Neven, 2011 WL 4527413, at *3 (D. Nev. Sep. 28, 2011) (finding question of fact as to Eighth Amendment violation when prison staff ignored inmate's requests for treatment for "tooth decay" for approximately two and a half years). Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

### C. State Law Claims

Plaintiff contends that Defendants are liable for medical malpractice and negligence under California law.

As an initial matter, under California law, in order to state a tort claim against a public entity or public employee under state law, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Fisher v. Pickens, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990).

///

The Act's claims presentation requirements apply to state prisoners. Cal. Gov't Code § 945.6(c). "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"1). Claims for "injury to person or to personal property" must be presented within six months after accrual. See Cal. Gov't Code § 911.2(a); City of Stockton v. Superior Court, 42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d 295, 171 P.3d 20 (2007). A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim within one year of the date of accrual of the cause of action, stating the reason for the delay. Cal. Gov't Code § 911.4. The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4. Cal. Gov't Code § 946.6.

Here, Plaintiff's complaint does not allege timely and proper compliance with the claims presentation provision of the Government Claims Act. "Compliance with California's claim filing statute is ... an element of a cause of action against the state." United States v. State of Calif., 655 F.2d 914, 918 (9th Cir. 1980) (citations omitted). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Rubenstein v. Doe No. 1, 3 Cal. 5th 903, 906, 221 Cal. Rptr. 3d 761 400 P.3d 372 (2017) (citation and quotations omitted). Accordingly, Plaintiff cannot proceed with any state laws claim without proper compliance with the Government Claims Act.

In addition, as Plaintiff has not stated a cognizable federal claim, the Court would "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); Sanford v. Member Works, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.")

### D.  Official/Individual Capacity Suits

As stated above, Plaintiff names Defendants in both their official and individual capacities.

To the extent Plaintiff is seeking damages, the Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacity. Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does not bar an official capacity suit for prospective relief, Wolfson v. Brammer, 616 F.3d 1045, 1065–66 (9th Cir. 2010); nor does it bar suit for damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits ... seek to impose individual liability upon a government officer for actions taken under color of state law." Id.

A claim for prospective injunctive relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Mich. Dep't of State Police, 491 U.S. 58, 92 (1989). The proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in an official capacity. Rouser v. White, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (citation omitted).

Because the state has not consented to the suit, Plaintiff's claims against Defendants in their official capacities seeking money damages are barred by the Eleventh Amendment and must be dismissed.  In addition, for the reasons explained below, Plaintiff has not properly alleged injunctive relief.

### E.  Declaratory Judgement

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the

uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary.

### F.   Injunctive Relief

In addition to damages and a declaratory judgment, Plaintiff seeks injunctive relief. However, Plaintiff does not indicate the specific injunctive relief he seeks. Fed. R. Civ. P. 8(a)(3). In addition, in light of the fact that Plaintiff's two teeth were extracted, it does not appear that Plaintiff will be able to state a plausible claim for injunctive relief.

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on March 14, 2024, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.[1]  (ECF No. 14.) Plaintiff did not file an amended complaint or otherwise respond to the Court's March 14, 2024 order.  Therefore, on April 23, 2024, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 15.) Plaintiff failed to respond to the April 23, 2024 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

---

[1] The U.S. Postal Service returned the screening order as "Undeliverable, Inactive" on March 25, 2024. Pursuant to Local Rule 182(f), if a pro se party fails to notify the court of a change of address, "service of documents at the prior address [of record] of the ... party shall be fully effective." Local Rule 182(f).

1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of March 14, 2024 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies

in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's March 14, 2024, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 14.)  In addition, the Court's April 23, 2024, order to show cause specifically stated: "Failure to comply with this order will result in a recommendation to dismiss this action for failure to state a cognizable claim for relief, for failure to prosecute, and failure to comply with a court order." (ECF No. 15.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the March 14, 2024 and April 23, 2024 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim

for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 20, 2024**

UNITED STATES MAGISTRATE JUDGE